United States District Court
Southern District of Texas
**ENTERED**
February 25, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE BURSON, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. 4:23-cv-1530 |
| | § | |
| OIL PATCH GROUP, INC., | § | |
| *Defendant.* | § | |

## ORDER LIFTING STAY

Before the Court is Plaintiff's advisory that the bankruptcy court permitted the reopening the Plaintiff's bankruptcy case and allowed Jeff Mims, the Bankruptcy Trustee ("Trustee"), to pursue Plaintiff's FLSA claim. ECF No. 53. Plaintiff asks for the stay to be lifted and Defendant's pending motion for summary judgment based on judicial estoppel be denied as moot. ECF No. 53. Defendant agreed that the stay should be lifted but argues that the motion for summary judgment is not moot. ECF No. 55.

Plaintiff worked for Defendant, an oilfield rental and service company.[1] Plaintiff and Defendant's relationship ended in March or April 2022. Pl. Dep., ECF No. 28-3 at 64:20-65:2.

On October 12, 2022, Plaintiff filed for Chapter 7 bankruptcy in the Northern District of Texas. *In re Burson*, No. 22-31901 (Bankr. N.D. Tex. filed Oct. 12, 2022).

---

[1] The parties dispute whether Plaintiff was an independent contractor or employee. ECF Nos. 1, 8. That issue is not currently before the Court.

In his Bankruptcy Petition, Plaintiff disclosed a personal injury claim for his daughter related to an automobile accident, but he did not memorialize an FLSA claim for unpaid wages or retaliation against Defendant. Bankr. Pet., ECF No. 28-4 at 5, 8, 14. At a meeting of creditors while the bankruptcy proceedings were ongoing, Plaintiff disclosed to Trustee that he had FLSA claims against Defendant, claims for lost wages and retaliation. Nov. 15, 2022 Creditor Meeting Transcript, ECF No. 35-1 at 3–8.

At Plaintiff's bankruptcy counsel's suggestion, the Trustee directed an amendment be filed to include the FLSA claims, but less than a week after the creditor meeting and before the amendment was filed, the Trustee reported to the bankruptcy court that no distributions from the estate would be made and that all of its assets would be abandoned based on "information about [the] case as reported in the schedules filed by the debtor(s) or otherwise found in the case record[,]" and because no claims had been asserted. ECF No. 35-1 at 3–8.; Bankr. Docket Sheet, ECF No. 35-2 at 3. The bankruptcy court issued a no-asset discharge of $152,429.53 debt and closed the proceedings. 35-2 at 3.

In April 2023, three months after his bankruptcy discharge, Plaintiff sued Defendant, raising a claim for retaliation under the FLSA, claiming that Defendant wrongfully discharged Plaintiff for joining a lawsuit to recover unpaid overtime, in violation of 29 U.S.C. § 215(a)(3). ECF No. 1.

Shortly after filing his response to the motion for summary judgment, Plaintiff filed a motion to stay, asking the Court to stay the case "so that he can move the bankruptcy court to reopen his bankruptcy proceeding and administer his claims against [Defendant] as assets of the bankruptcy estate." ECF No. 37. The Court denied Plaintiff's motion to stay, but permitted Plaintiff thirty days to petition the bankruptcy court, noting that if the bankruptcy court refused to reopen Plaintiff's bankruptcy proceeding, then the Court would proceed with the pending motion for summary judgment. ECF No. 39.

After a hearing at which Plaintiff and Defendant announced an agreement to reopen, the bankruptcy court entered an agreed order and reopened Plaintiff's bankruptcy proceeding. *In re Burson*, No. 22-31901, ECF No. 30. The Court entered a stay while the Trustee decided whether to prosecute this case for the benefit of the bankruptcy estate. ECF No. 52. On December 1, 2025, Plaintiff notified the Court that the Trustee elected to retain and pursue Plaintiff's claims in the instant suit on behalf of the bankruptcy estate. ECF No. 53.

Both parties have requested the stay be lifted. ECF Nos. 53, 55. Because the Trustee has decided to retain and pursue the instant case, the Court **ORDERS** the stay is lifted. ECF No. 39.[2]

The parties contest whether Defendant's motion for summary judgment is

---

[2] The Trustee has not filed a motion to intervene presumably because of the stay. With the stay

moot. Plaintiff contends that the motion for summary judgment based on judicial estoppel is moot because the bankruptcy court has permitted the reopening of Plaintiff's estate and the Trustee has elected to retain and pursue the instant case's claims for the benefit of the bankruptcy estate. ECF No. 53. Defendant argues that the motion for summary judgment is not moot because the Trustee is not a party to this case and is not an "innocent trustee." ECF No. 55.[3] The Court finds that, although the Trustee's election may affect the Court's analysis of the application of judicial estoppel to this case, the election does not moot the issues raised in Defendant's motion for summary judgment. Therefore, the Court will take up the merits of Defendant's motion shortly.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on February 24, 2026.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

lifted, the Court anticipates this motion is forthcoming. The Trustee shall file his motion to intervene within three days of this Order's entry.

[3] The Court will only consider Defendant's arguments insofar as they address whether the stay should be lifted and/or the motion for summary judgment is moot. The Court asked Defendant to respond to these two aspects of the case, not raise new summary judgment arguments. *See* ECF No. 55.