United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JACKIE BURSON, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. 4:23-cv-1530 |
| | § | |
| OIL PATCH GROUP, INC., | § | |
| *Defendant.* | § | |

### JUDGE PALERMO'S
### MEMORANDUM AND ORDER[1]

Before the Court is Defendant's motion for summary judgment against Plaintiff. ECF No. 28. Defendant seeks summary judgment on Plaintiff's sole claim, arguing that "Plaintiff cannot, as a matter of law, pursue his claim[] against Defendant under the judicial (bankruptcy) estoppel doctrine" because "Plaintiff's decision to file this lawsuit contradicts prior sworn statements he made, and legal positions he knowingly took, in his recent bankruptcy proceedings."[2] ECF No. 28 at 6. After considering the briefing, evidence, and applicable law, the Court finds that Defendant's motion for summary judgment, ECF No. 28, should be denied.

## I.    BACKGROUND

Plaintiff worked for Defendant, an oilfield rental and service company.[3]

---

[1] Based on the consent of all parties, the assigned district judge transferred all proceedings. ECF No. 12.

[2] Plaintiff filed a response, ECF No. 35, and Defendant filed a reply, ECF No. 36.

[3] The parties dispute whether Plaintiff was an independent contractor or employee. ECF Nos. 1, 8.

Plaintiff and Defendant's relationship ended in March or April 2022. Pl. Dep., ECF No. 28-3 at 64:20-65:2.

On October 12, 2022, Plaintiff filed for Chapter 7 bankruptcy in the Northern District of Texas. *In re Burson*, No. 22-31901 (Bankr. N.D. Tex. filed Oct. 12, 2022). In his Bankruptcy Petition, Plaintiff disclosed a personal injury claim for his daughter related to an automobile accident, but he did not memorialize an FLSA claim for unpaid wages or retaliation against Defendant. Bankr. Pet., ECF No. 28-4 at 5, 8, 14. At a meeting of creditors while the bankruptcy proceedings were ongoing, Plaintiff disclosed to Jeff Mims, the Bankruptcy Trustee ("Trustee"), that he had FLSA claims against Defendant, claims for lost wages and retaliation. Nov. 15, 2022 Creditor Meeting Transcript, ECF No. 35-1 at 3–8.

At Plaintiff's bankruptcy counsel's suggestion, the Trustee directed an amendment be filed to include the FLSA claims, but less than a week after the creditor meeting and before the amendment was filed, the Trustee reported to the bankruptcy court that no distributions from the estate would be made and that all of its assets would be abandoned based on "information about [the] case as reported in the schedules filed by the debtor(s) or otherwise found in the case record[,]" and because no claims had been asserted. ECF No. 35-1 at 3–8.; Bankr. Docket Sheet, ECF No. 35-2 at 3. The bankruptcy court issued a no-asset discharge of $152,429.53

---

That issue is not currently before the Court.

debt and closed the proceedings. *Id.*

In April 2023, three months after his bankruptcy discharge, Plaintiff sued Defendant, raising a claim for retaliation under the FLSA, claiming that Defendant wrongfully discharged Plaintiff for joining a lawsuit to recover unpaid overtime, in violation of 29 U.S.C. § 215(a)(3). ECF No. 1.

Shortly after filing his response to the motion for summary judgment, Plaintiff filed a motion to stay, asking the Court to stay the case "so that he can move the bankruptcy court to reopen his bankruptcy proceeding and administer his claims against [Defendant] as assets of the bankruptcy estate." ECF No. 37. The Court denied Plaintiff's motion to stay but permitted Plaintiff thirty days to petition the bankruptcy court, noting that if the bankruptcy court refused to reopen Plaintiff's bankruptcy proceeding, then the Court would proceed with the pending motion for summary judgment. ECF No. 39.

After a hearing at which Plaintiff and Defendant announced an agreement to reopen, the bankruptcy court entered an agreed order and reopened Plaintiff's bankruptcy proceeding. *In re Burson*, No. 22-31901, ECF No. 30. The Court entered a stay while the Trustee decided whether to prosecute this case for the benefit of the bankruptcy estate. ECF No. 52. On December 1, 2025, Plaintiff notified the Court that the Trustee elected to retain and pursue Plaintiff's claims in the instant suit on behalf of the bankruptcy estate, retaining Plaintiff's counsel. ECF No. 53. The Court

lifted the stay and now takes up the motion for summary judgment.

## II.    LEGAL STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A court should grant summary judgment when, viewing the evidence in the light most favorable to the non-movant, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting FED. R. CIV. P. 56(a)). A genuine issue of material fact exists only if a rational jury, reviewing the complete record, could return a verdict for the non-movant. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Royal Am. Constr., Inc. v. Roofing Designs by JR, LLC*, No. CV H-21-02440, 2025 WL 43585, at *2 (S.D. Tex. Jan. 7, 2025) (quoting *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986))). "If the movant carries that burden, then the burden shifts to the non-movant to set forth specific facts showing a genuine issue for trial." *Id.* (citing Fed.

R. Civ. P. 56(e)). "The non-movant must 'go beyond the pleadings,' using competent summary judgment evidence to cite 'specific facts' showing a genuine issue for trial." *Id.* (quoting *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005))). "The court must review all evidence in the light most favorable to the non-movant and must draw all reasonable inferences in favor of the non-movant." *Id.* at *3 (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

## III.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED.

Defendant argues that Plaintiff's claims are barred by judicial estoppel. ECF No. 28. Plaintiff responds that Defendant has not established that Plaintiff had a motive to conceal his retaliation claim and equitable considerations favor that this case should be administered as an asset of the bankruptcy estate and not dismissed in Defendant's favor. ECF No. 35 at 11.

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position *in his pleadings may be estopped from assuming an inconsistent position.*'" *Levitz v. Alicia's Mexican Grille, Inc.*, No. CV H-19-3929, 2020 WL 710013, at *2 (S.D. Tex. Feb. 11, 2020) (emphasis in original) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988))). "The doctrine was created *not*

for the protection of litigants, but to protect the judiciary itself 'by "preventing parties from playing fast and loose with the courts to suit the exigencies of self interest."'" *Id.* (emphasis in original) (quoting *In re Coastal Plains, Inc.*, 179 F.3d at 205 (quoting *Brandon*, 858 F.2d at 268)). "[T]he doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Id.* (quoting *In re Coastal Plains, Inc.*, 179 F.3d at 206 (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953))).[4]

"Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Cornish v. Hudson Group Retail, LLC*, No. CV H-18-977, 2018 WL 6413158, at *2 (S.D. Tex. Oct. 31, 2018) (quoting *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)); *see also Royal Am. Constr.*, 2025 WL 43585, at *3 ("Courts have recognized the importance of judicial estoppel when bankruptcy proceedings are involved because bankruptcy aims to '"bring about an equitable distribution of the bankrupt's estate among creditors holding just demands" and to "grant a fresh start to the honest but unfortunate debtor."'") (quoting *Reed v.*

---

[4] Where judicial estoppel is raised in the context of a bankruptcy case, federal law applies. *Levitz*, 2020 WL 710013, at *2 (quoting *Coastal Plains*, 179 F.3d at 205); *see also Matheson Tri-Gas, Inc. v. E-B Display Co., Inc.*, No. 3:20-CV-0296, 2021 WL 1701062, at *3 (S.D. Tex. Apr. 29, 2021) ("The Fifth Circuit has generally considered judicial estoppel a matter of federal procedure and has applied federal law.") (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003) (citing *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996)).

*City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (quoting *Kothe v. R.C. Taylor Trust*, 280 U.S. 224, 227 (1930))).

Judicial estoppel is appropriate where: "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Levitz*, 2020 WL 710013, at *2 (quoting *Jethroe*, 412 F.3d at 600 (citing *Coastal Plains*, 179 F.3d at 205–06)). "However, judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" *Id.* (quoting *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001))).

Disclosure in bankruptcy filings is designed to "permit the court, the trustee, and the creditors to evaluate the debtors' financial condition at the date of bankruptcy and ascertain what assets may be available for distribution to creditors." *Royal Am. Constr., Inc.*, 2025 WL 43585, at *3 (S.D. Tex. Jan. 7, 2025) (quoting *In re Superior Crewboats, Inc.*, 374 F.3d 330, 333 (5th Cir. 2004). "Application of judicial estoppel in appropriate cases seeks to further that goal." *Id.* The Court finds that this purpose would not be served in this case.

*A.*      ***Plaintiff Asserted Inconsistent Legal Positions.***

"As to the first element, in the context of bankruptcy, the plaintiff must be asserting a legal position in the civil action that is plainly inconsistent with [his] prior position in the bankruptcy action." *Cornish*, 2018 WL 6413158, at *2. "A plain inconsistency results when a debtor fails entirely to disclose claims in their bankruptcy but then pursues those claims in a different court." *Royal Am. Constr., Inc.*, 2025 WL 43585, at *3 (citing *Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993) (applying judicial estoppel to claims not disclosed in the schedules and plan)). Some courts decline to find inconsistency when a debtor at least mentioned their claims. *Id.* (citing *Delaney v. Wal-Mart Stores, Inc.*, 408 F.Supp.2d 240, 243 (N.D. Miss. Dec. 5, 2005) (holding that judicial estoppel did not apply even when debtor erroneously disclosed their claim as a personal injury claim when it was not)).

Defendant argues that this element is met because although Plaintiff had a duty to disclose all his assets, he took the position in his schedules to his Bankruptcy Petition that he did not have an actual or potential lawsuit against Defendant for retaliation. ECF No. 28 at 10–11. Plaintiff does not dispute this element.

The Court finds that indeed this element is met. The record demonstrates that Plaintiff failed entirely to disclose his retaliation claim against Defendant in his schedules or other bankruptcy filings. The bankruptcy court entered a no-asset

discharge. Although Plaintiff orally disclosed this claim to the Trustee, he did not notify the bankruptcy court. *See Barber v. Wolfgang Puck Worldwide, Inc.*, No. 1:21-CV-03928, 2022 WL 16841701, at *3 (W.D. La. Nov. 9, 2022) (notifying bankruptcy counsel, but not bankruptcy court insufficient), *see also Royal Am. Constr., Inc.*, 2025 WL 43585, at *3 (citing *In re Oparaji*, 698 F.3d 231, 235 (5th Cir. 2012) (stating that the Fifth Circuit, when evaluating judicial estoppel, looks in part to whether there is a perception that "one or both courts were misled[.]")).

**B.     The Bankruptcy Court Accepted Plaintiff's Prior Position.**

"The second prong for judicial estoppel requires that the bankruptcy court accept the debtor's prior position." *Royal Am. Constr., Inc.*, 2025 WL 43585, at *5 (citing *Reed*, 650 F.3d at 574). "Judicial acceptance can occur when the court accepts the debtor's position either on a preliminary matter or as part of a final disposition." *Id.* (citing *In re Superior Crewboats*, 374 F.3d at 335).

Defendant argues that this element is met because the bankruptcy court discharged Plaintiff's debt after accepting Plaintiff's schedules that did not include his retaliation claim. ECF No. 28 at 12. Plaintiff does not dispute this element.

Here, although the bankruptcy court subsequently reopened the bankruptcy case, before then, the bankruptcy court accepted Plaintiff's position—it granted Plaintiff a no-asset bankruptcy discharge based on the representations in his schedules, which did not include the instant case's claim. *See Johnston v. Petco*

*Animal Supplies Stores, Inc.*, No. 3:14-CV-3987-P, 2016 WL 4791929, at \*3 (N.D. Tex. Mar. 10, 2016) (although the bankruptcy court subsequently considered and denied the plaintiff's motion to reopen, the trial court found the second element met because the bankruptcy court entered a discharge); *see also Royal Am. Constr., Inc.*, 2025 WL 43585, at \*5 ("Because of the failure to adequately disclose the value of the claims against Hartford and Royal American, the Plan did not alert creditors that those claims might be a potential asset or source of funds from which the creditors could be satisfied. The bankruptcy court accepted Roofing Designs' valuation of its claims against Royal American and Hartford."). The second element is met.

## C.    *There is a Genuine Issue of Material Fact as to Whether Plaintiff Acted Inadvertently.*

The final prong for judicial estoppel requires that the debtor did not act inadvertently, which "is shown when the debtor either lacks knowledge of the undisclosed claims or has no motive to conceal the claims." *Royal Am. Constr., Inc.*, 2025 WL 43585, at \*5 (citing *Reed*, 650 F.3d at 574; *In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013)). "A motivation to conceal may be shown if the debtor has a potential financial benefit from the nondisclosure." *Id.* (citing *U.S. ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 273 (5th Cir. 2015)).

The parties do not dispute that Plaintiff had knowledge of the undisclosed claim but dispute whether Plaintiff was motivated to conceal the claim. Defendant argues that this element is met because Plaintiff's deposition testimony clearly

demonstrates that he knew of the facts giving rise to his retaliation claim prior to filing for bankruptcy and by concealing his claim, he "maximized the amount of debt discharged" and kept the potential recovery from the retaliation claim for himself. ECF No. 28 at 14–15. Defendant contends that orally disclosing the claim to the Trustee does not establish inadvertence. ECF No. 28 at n.5. Plaintiff responds that Plaintiff is not a sophisticated party and did disclose the retaliation claim to the Trustee, demonstrating he lacked the motive to conceal the claim. ECF No. 35 at 15.

The Court finds there is a genuine issue of material fact as to whether this element is met, and therefore, summary judgment on judicial estoppel is inappropriate at this junction. Although there is evidence that Plaintiff would potentially financially benefit from not disclosing a claim by securing an FLSA retaliation judgment without the creditors' knowledge, there is also evidence that Plaintiff lacked the motivation to conceal his retaliation claim.

At the creditor's hearing before Trustee, Plaintiff stated that "Oil Patch Group . . . asked me to come back, but they actually told me that the only way they would keep me employed was to cancel the lawsuit," and that his FLSA counsel advised that he possibly had a retaliation claim, but they needed additional time to investigate. ECF No. 35-1 at 5–6. Plaintiff represented that he did not include the lawsuit in his schedule because although he had signed the FLSA counsel's representation letter, he had no knowledge as to whether the retaliation claim had

been filed or not. ECF No. 35-1 at 7. The Trustee responded to Plaintiff's representations with the directive to amend the schedules to list the unpaid wages claim and reach out to FLSA counsel for clarification as to whether the retaliation claim had been filed and other information about the retaliation claim. ECF No. 35-1 at 7, 8. The Trustee then elicited testimony from Plaintiff about his employment status to determine whether he was exempt or not. ECF No. 35-1 at 7–8.

Plaintiff voluntarily disclosed the retaliation claim to the Trustee and agreed to amend the schedule to include the previously undisclosed matters—but a week after the meeting and before the amendment was completed, the Trustee reported to the bankruptcy court that no distributions from the estate would be made, and all its assets would be abandoned. ECF Nos. 35-1 at 3–8.; 35-2 at 3. There is no evidence before the Court as to what happened between the meeting on November 15, 2022, and the Trustee's report a week later, on November 23, 2022.[5] ECF No. 35-2 at 3. In reliance on this representation, the bankruptcy court issued a no-asset discharge of $152,429.53 debt and closed the proceedings. ECF No. 35-2 at 3.

The current record shows there is a genuine issue of material fact as to whether Plaintiff had a motive to conceal his undisclosed retaliation claim. Summary judgment is denied because this element is unmet. But even if this element was met, the Court finds that equitable considerations weigh against granting summary

---

[5] In 2022, Thanksgiving Day was observed on November 24th.

judgment based on judicial estoppel, as discussed more in depth below.

**D.     *Equitable Considerations Weigh Against Invoking Judicial Estoppel.***

Plaintiff argues that the Court should not invoke judicial estoppel because reopening the bankruptcy proceedings and allowing the Trustee to pursue the retaliation claim on behalf of the estate "benefits the bankruptcy estate and the debtors and achieves the purpose of the Bankruptcy Code." ECF No. 35 at 14.

Significantly, the Fifth Circuit has said that "there is no *per se* rule estopping any party who fails to disclose potential claims to a bankruptcy court." *Matter of Parker*, 789 F. App'x 462, 464 (5th Cir. 2020) (quoting *Long*, 798 F.3d at 271). The doctrine of judicial estoppel "is equitable in nature," and "should be applied flexibly, with an intent to achieve substantial justice." *Id.* (quoting *Reed*,[6] 650 F.3d at 574). "Because of the equitable nature of the doctrine, 'trial courts are not *required* to apply it in every instance that they determine its elements have been met.'" *Id.* (quoting *Long*, 798 F.3d at 271).

Here, invoking judicial estoppel may have inequitable consequences. Defendant would be excused from potential liability and Plaintiff's creditors would

---

[6] Prior to the bankruptcy proceeding reopening and Trustee's expressed intention to pursue the retaliation claim, Defendant argued that *Reed* and similar cases were inapplicable here because Plaintiff sought to pursue his own retaliation claim, not the Trustee on behalf of the bankruptcy estate—now, as discussed throughout, the Trustee will pursue the retaliation claim on the bankruptcy estate's behalf.

not receive what they are possibly due under the Bankruptcy Code.[7] Based on Plaintiff and Defendant's agreement, the bankruptcy court reopened Plaintiff's Chapter 7 bankruptcy proceedings and subsequently permitted the Trustee to pursue the retaliation claim before the Court on the bankruptcy estate's behalf. Any harm to the judicial process was cured by revoking Plaintiff's discharge and reopening his bankruptcy proceedings. Summary judgment should not be granted.

## IV.   CONCLUSION

The Court **ORDERS** that Defendant's motion for summary judgment, ECF No. 28, is **DENIED.** The Trustee may pursue the instant case's claim for the benefit of Plaintiff's creditors.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on March 25, 2026.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[7] According to Plaintiff's last schedule in the bankruptcy proceeding, he owes $87,839.00 to creditors who have claims secured by property and $64,590.53 to nonpriority unsecured creditors. *In re Burson*, No. 22-31901, ECF No. 14.